UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | | |
|---|---|---|
| NEW CENTURY FOUNDATION, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| SAMUEL JARED TAYLOR, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case 3:18-cv-00839 |
| | ) | |
| MICHAEL ROBERTSON, in his official | ) | Judge Aleta A. Trauger |
| capacity as director of Tennessee | ) | |
| Department of Environment and | ) | |
| Conservation, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S REPLY TO PLAINTIFFS' ANSWER TO MOTION TO DISMISS**

Defendant Michael Robertson ("Defendant") submits the following reply to Plaintiffs' Answer to Defendant's Motion to Dismiss. Plaintiffs have not adequately alleged that the Montgomery Bell Inn & Conference Center ("the Inn") is a limited public forum.

"[T]he government does not create a public forum by inaction." *International Soc. for Krishna Consciousness, Inc.*, 452 U.S. 640, 679 (1981) (internal quotation marks and citation omitted). Likewise, property does not become a public forum solely because the government permits "members of the public . . . to freely visit a place owned or operated by the government." *Id.* at 679-80. (citation omitted). Instead, the government creates a limited public forum where it intentionally opens government-owned property for expression but limits it to use by certain groups or speech on certain subjects. *Perry Educ. Ass'n v. Perry Local Educators' Ass'n*, 460

1

U.S. 37, 46 n. 7 (1983) (citations omitted). Whether the government has created a limited public forum is determined by reference to the government's intent—courts will not infer that the government intended to create a public forum if "the principal function of the property would be disrupted by expressive activity[.]" *Cornelius v. NAACP Legal Defense and Educ. Fund, Inc.*, 473 U.S. 788, (1985). Where the government does not create property "for purposes of providing a forum for expressive activity," the fact that "such activity occurs in the context of the forum created does not imply that the forum thereby becomes a public forum for First Amendment purposes." *Id*. at 805.

Plaintiffs have not plausibly alleged that the Inn is a limited public forum. In their Answer, Plaintiffs claim that Defendant has "indiscriminately opened [the Inn] up to the public for use[.]" (Doc. 25, p. 13.) However, this is not what the Complaint alleges. The Complaint alleges only that the Inn is "available to the public to rent"—opening property to customers who pay for services is not the equivalent of indiscriminately allowing the general public to use the property. (Doc. 1, ¶ 9.) It is disingenuous to equate the two, particularly at this stage of the proceedings where Plaintiffs are bound by the Complaint's allegations. *See Mediacom Southeast LLC v. BellSouth Telecomm., Inc.*, 672 F.3d 396, 399 (6th Cir. 2012) ("[Courts are] not permitted to consider matters beyond the complaint.")

As the Supreme Court has explicitly stated, merely allowing the public to use government-owned property is insufficient to establish that the State intends that the property be a limited public forum. *See Krishna*, 452 U.S. at 679-80. If being open to the public were enough, an airport terminal and public transit space would both be considered public forums—but the Supreme Court has already rejected these classifications. *See id.*; *Lehman*, 418 U.S. at 299-300. Instead, Plaintiffs must allege that the State intended for the property to be open to the general public, or some

2

segment of the public, for expressive activity. The Inn, like any other hotel, is a commercial enterprise where members of the public may pay a fee to use the space.[1] The Complaint is devoid of any allegation that the State intends to open the Inn for expressive activity by the public. Accordingly, Plaintiffs have failed to allege that the Inn is a limited public forum.

Rather than a limited public forum, the Inn is a non-public forum. For the reasons stated in Defendant's Motion to Dismiss and supporting documents, the contract provisions comply with the constitutional requirements for non-public forums—they are viewpoint-neutral and reasonable in light of the Inn's purpose. Accordingly, Plaintiffs have failed to state a claim upon which relief may be granted and Defendant's Motion to Dismiss should be granted.

Respectfully submitted,

**HERBERT H. SLATERY III**
**ATTORNEY GENERAL AND REPORTER**

s/ Dawn Jordan
**Dawn Jordan**, BPR No. 20383
Senior Deputy Attorney General
**Jay C. Ballard**, BPR No. 17242
Deputy Attorney General
**Sara Ohlman**, BPR No. 36313
Assistant Attorney General
UBS Tower, 18th Floor
P.O. Box 20207
Nashville, TN 37202-0207
Facsimile: (615) 741-7327
dawn.jordan@ag.tn.gov – (615) 741-6440
jay.ballard@ag.tn.gov - (615) 741-5031
sara.ohlman@ag.tn.gov – (615) 532-9631

---

[1] Plaintiffs rely on *Good News Club v. Milford Central School*, 533 U.S. 98 (2001) as "holding that school rooms become limited public forums . . . when the government permits the public to rent and use said rooms[.]" (Doc. 25, 12.) First, this case is inapposite due to the many differences between a public school and a hotel. Further, Plaintiffs have mischaracterized this case because the Court did not hold that the space was a limited public forum—it declined to "resolve the issue" and instead "simply . . . assume[d]" that it was because the parties did not contest the issue. *Good News*, 533 U.S. at 106.

## CERTIFICATE OF SERVICE

      I hereby certify that on October 16, 2018, a copy of **Defendant's Reply to Plaintiffs' Answer to the Motion to Dismiss** was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt as follows:

Van R. Irion
Law Office of Van R. Irion
800 S. Gay St., Ste. 700
Knoxville, TN 37929

Parties may access this filing through the Court's electronic filing system.

                              *s/ Dawn Jordan*
                              Dawn Jordan

4

Case 3:18-cv-00839   Document 26   Filed 10/16/18   Page 4 of 4 PageID #: 171