UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| **NEW CENTURY FOUNDATION,** | Case No. 3:18-cv-00839 |
| and | Hon. Aleta A. Trauger |
| **SAMUEL JARED TAYLOR,** | |
| Plaintiffs, | |
| v. | |
| **MICHAEL ROBERTSON,** *In his official capacity as director of Tennessee Department of Environment and Conservation*, | |
| Defendant. | |

## JOINT CASE MANAGEMENT ORDER

1. **JURISDICTION:** The Court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1343, 2201; 42 U.S.C. § 1983; U.S. Const. amend. I; U.S. Const. amend. XIV.

2. **BRIEF THEORIES OF THE PARTIES:**

    a. Plaintiffs' Theory of the Case: Plaintiffs maintain that Defendant imposed an unconstitutional heckler's veto against Plaintiffs by demanding that Plaintiffs pay the costs of police protection associated with a controversial conference Plaintiffs would like to host.

    b. Defendant's Theory of the Case: Experience has shown that when large groups reserve the State park resort areas such as the Montgomery Bell Inn and Conference Center, excess staffing above and beyond that normally required to run the facilities is needed to provide services and security for the large groups.

Because of that increased cost, and because the resort facilities such as Montgomery Bell Inn and Conference Center are required by statute to be self-sustaining, income generating properties, the State decided to change its Group Contract to reflect that groups reserving these resort properties will be charged a 10% security deposit and could be charged more than the 10% if the staffing needed to provide services and security exceeded the 10% deposit. Any part of the 10% security deposit that was not needed would be refunded. There was never an intent to charge for damages caused by others who were not part of the reserving group and no group has been charged for such damages. In addition, the large groups would only be charged for the cost of Tennessee Department of Environment and Conservation employees who were brought to the resort property to provide the services and security that were necessitated by the group's use of the property. It was Defendant's view that the security deposit and the additional charges were viewpoint neutral and reasonable.

3. **ISSUES RESOLVED:** Jurisdiction and venue are proper with the Court.

4. **ISSUES STILL IN DISPUTE:** Liability, attorney's fees, and whether a permanent injunction should issue.

5. **INITIAL DISCLOSURES:** The Parties shall exchange initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) on or before Friday, December 21, 2018.

6. **DISCOVERY:** The Parties shall complete all written discovery and depose all fact witnesses on or before May 1, 2019. Discovery is not stayed during dispositive motions, unless ordered by the Court. No motions concerning discovery are to be filed until after the Parties

have conferred in good faith and, unable to resolve their differences, have scheduled and participated in a conference telephone call with Judge Trauger.

7. **AMENDMENT OF PLEADINGS:** Plaintiff may file an amended complaint on or before February 1, 2019. ~~Defendant shall file a responsive pleading to said amended complaint on or before January 11, 2019~~. Any subsequent amendments to the Complaint shall be upon agreement of the Parties or by leave of court.

8. **DISCLOSURE OF EXPERT WITNESSES:** Plaintiffs shall identify and disclose all expert witnesses and expert reports, if any, on or before March 1, 2019. Defendant shall identify and disclose all expert witnesses and reports, if any, on or before April 1, 2019.

9. **DEPOSITIONS OF EXPERT WITNESSES:** The Parties shall depose all expert witnesses on or before May 1, 2019.

10. **JOINT MEDIATION REPORT:** The Parties shall file a joint mediation report on or before April 1, 2019.

11. **DISPOSITIVE MOTIONS:** The Parties shall file all dispositive motions on or before July 1, 2019. Responses to dispositive motions shall be filed within twenty-one (21) days after the filing of the motion. Optional replies may be filed within ten (10) days after the filing of the response. Briefs shall not exceed twenty-five (25) pages. No motion for partial summary judgment shall be filed except by leave of court. Any party wishing to file such a motion shall first file a separate motion that gives the justification for filing a partial summary judgment motion in terms of overall economy of time and expense for the Parties, counsel, and the Court.

12. **ELECTRONIC DISCOVERY:** The parties are working together on electronic discovery, so the default standard contained in Administrative Order No. 174-1 does not apply to the instant civil action.

13. **ESTIMATED TRIAL TIME:** The Parties expert the trial to last approximately two (2) days. A jury trial has not been demanded by the Parties.

IT IS SO ORDERED.

_____
Aleta A. Trauger
U.S. District Court Judge

Dated: 12/5/18

Approved as to Form and Content:

| /s/ Van R. Irion | /s/ Dawn Jordan |
|---|---|
| Van R. Irion (#024519) | Dawn Jordan (#20383) |
| **LAW OFFICE OF VAN R. IRION** | **HERBERT H. SLATERY III** |
| 800 S. Gay St., Ste. 700 | **ATTORNEY GENERAL AND REPORTER** |
| Knoxville, TN 37929 | UBS Tower, 18th Fl. |
| (T): (865) 766-4040 | P.O. Box 20207 |
| (F): (865) 766-4101 | Nashville, TN 37202 |
| (E): van@irionlaw.com | (T): (615) 741-6440 |
| *Attorney for New Century Foundation* | (F): (615) 741-7327 |
| *and Samuel Jared Taylor* | (E): dawn.jordan@ag.tn.gov |
| | *Attorney for Michael Robertson* |