UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| **NEW CENTURY FOUNDATION,** <br><br> and <br><br> **SAMUEL JARED TAYLOR,** <br><br> Plaintiffs, <br><br> v. <br><br> **MICHAEL ROBERTSON,** *In his individual and official capacity as director of Tennessee Department of Environment and Conservation*, <br><br> Defendant. | Case No. 3:18-cv-00839 <br><br> Hon. Aleta A. Trauger |

### PLAINTIFFS' TIME-SENSITIVE MOTION FOR ORDER TO COMPEL DEFENDANT'S COMPLIANCE WITH PRELIMINARY INJUNCTION

NOW COMES New Century Foundation (d/b/a American Renaissance) ("NCF") and Samuel Jared Taylor ("Taylor") (NCF and Taylor collectively "Plaintiffs"), by and through Attorney Van R. Irion, and hereby propounds upon Michael Robertson ("Defendant") and this Honorable Court Plaintiffs' Time-Sensitive Motion for Order to Compel Defendant's Compliance with Preliminary Injunction:

1. Pursuant to LR7.01(a)(1), on December 24, 2018, and January 16, 2019, the undersigned attorney emailed an attorney of record for Defendant—Dawn Jordan (dawn.jordan@ag.tn.gov)—to seek concurrence for the relief prayed for herein, but said concurrence was not obtained. Specifically, a proposed written contract was demanded—which comports with the Court's Preliminary Injunction of November 5, 2018—so that succinct terms can be agreed to regarding

the rental of facilities at the Montgomery Bell Inn & Conference Center for Plaintiffs' planned conference of May 17, 18, and 19, 2019.

2. For the reasons set forth in Plaintiffs' Brief in Support of Plaintiffs' Time-Sensitive Motion to Compel Defendant's Compliance with Preliminary Injunction, the Court should order Defendant to provide to Plaintiffs on or before January 24, 2019, a proposed written contract which comports with the Court's Preliminary Injunction of November 5, 2018, so that Plaintiffs can rent the facilities of the Montgomery Bell Inn & Conference Center on May 17, 18, and 19, 2019, for Plaintiff's conference. (*See* PageID.173-208).

WHEREFORE, Plaintiffs pray that this Honorable Court will order Defendant to provide to Plaintiffs on or before January 24, 2019, a proposed written contract which comports with the Court's Preliminary Injunction of November 5, 2018, so that Plaintiffs can rent the facilities of the Montgomery Bell Inn & Conference Center for May 17, 18, and 19, 2019, for Plaintiffs' planned conference.

Respectfully submitted,

/s/ Van R. Irion
Van R. Irion (#024519)
**LAW OFFICE OF VAN R. IRION**
800 S. Gay St., Ste. 700
Knoxville, TN 37929
(T): (865) 766-4040
(F): (865) 766-4101
(E): van@irionlaw.com
*Attorney for New Century Foundation and Samuel Jared Taylor*

Dated: January 16, 2019

2

| | |
|---|---|
| **NEW CENTURY FOUNDATION,** | Case No. 3:18-cv-00839 |
| and | Hon. Aleta A. Trauger |
| **SAMUEL JARED TAYLOR,** | |
| Plaintiffs, | |
| v. | |
| **MICHAEL ROBERTSON,** *In his individual and official capacity as director of Tennessee Department of Environment and Conservation*, | |
| Defendant. | |

### PLAINTIFFS' BRIEF IN SUPPORT OF PLAINTIFFS' TIME-SENSITIVE MOTION FOR ORDER TO COMPEL DEFENDANT'S COMPLIANCE WITH PRELIMINARY INJUNCTION

**TABLE OF CONTENTS**

I. INDEX OF AUTHORITIES .................................................................................................. i
II. STATEMENT OF ISSUE PRESENTED .............................................................................1
III. STANDARD OF REVIEW ...................................................................................................1
IV. STATEMENT OF FACTS ....................................................................................................1
V. LAW & ARGUMENT ..........................................................................................................3
VI. CONCLUSION .....................................................................................................................4

# I. INDEX OF AUTHORITIES

**CASE LAW**

*Gunn v. University Comm. to End War in Viet Nam*, 399 U.S. 383 (1970) ...............................3

*In re McConnell*, 370 U.S. 230 (1962) ........................................................................................3

*McCall-Bey v. Franzen*, 777 F.2d 1178 (7th Cir. 1985) ..............................................................3

*Springs Mills, Inc. v. Ultracashmere House, Ltd.*, 724 F.2d 352 (2d Cir. 1983).......................3

*United States v. Bryan*, 399 U.S. 323 (1950)...............................................................................3

*United States v. Johnson*, 736 F.2d 358 (6th Cir. 1984) .............................................................3

**STATUTORY AND CONSTITUTIONAL LAW**

None cited herein

**COURT RULES**

Fed. R. Civ. P. 65 ............................................................................................................................1

## II. STATEMENT OF ISSUE PRESENTED

1. Whether the Court should compel Defendant to permit Plaintiffs to rent facilities at the Montgomery Bell Inn & Conference Center for May 17, 18, and 19, 2019.

    Plaintiffs' Response:    Yes.

    Defendant's Anticipated Response:    No.

2. Whether the Court should compel Defendant to provide to Plaintiffs a proposed written contract before January 24, 2019, which comports with the Court's Preliminary Injunction so that Plaintiffs can rent facilities at the Montgomery Bell Inn & Conference Center for May 17, 18, and 19, 2019.

    Plaintiffs' Response:    Yes.

    Defendant's Anticipated Response:    No.

## III. STANDARD OF REVIEW

The Court enjoys the power to issue injunctive relief pursuant to Fed. R. Civ. P. 65. The Court previously issued a preliminary injunction and issued a memorandum concerning the same. (PageID.173-208). Plaintiff is now seeking the enforcement of the same against Defendant.

## IV. STATEMENT OF FACTS

On November 5, 2018, the Court entered its Order Granting Preliminary Injunction and Waiving Bond, wherein Defendant was

> **ENJOINED** from requiring the plaintiffs, as a condition of contracting to reserve lodging and meeting rooms at the Montgomery Bell Inn & Conference Center ("MBICC"), to agree to pay 'damage-repaid costs or ancillary fees and charges' arising from damage to MBICC or Montgomery Bell State Park facilities caused by persons not affiliated with the plaintiffs, the cost of "security to ensure public safety" arising from the presence of protesters at the Park, or "any other costs above normal operating expenses reasonably resulting from the group's use of or attendance at the state park" (*see* Doc. No. 1-1, at 3), to the extent that such charges arise from the activities of protesters and third parties over whom the plaintiffs have no control.

(Emphasis in original) (PageID.207-208); see also the Court's Memorandum (PageID.173-206).

1

Plaintiffs' planned conference is tentatively scheduled to occur between May 17 and 19, 2019. (PageID.4, ¶ 11; 36). However, despite the Court issuing the Preliminary Injunction on November 5, 2018—over two months ago—and Defendant having a copious number of attorneys at Defendant's disposal to assist Defendant with crafting such a contract, Defendant has not yet produced to Plaintiffs a proposed written contract so that Plaintiffs can rent the facilities at the Montgomery Bell Inn & Conference Center for May 17, 18, and 19, 2019.

Without a written contract articulating specific terms concerning costs and an unequivocal understanding that Plaintiffs can use said facilities during May 17, 18, and 19, 2019, Plaintiffs are unable to meaningfully encourage prospective attendees of the conference to make travel and/or lodging arrangements for the same. Plaintiffs, simply put, are worried that Defendant will prevent Plaintiffs from using the facilities during said dates, because Defendant has not agreed to the same via a written contract and Defendant does not meaningfully nor effectively correspond with Plaintiffs and/or Plaintiffs' representatives about the rental of the facilities.

On November 27, 2018, Donna Lewis—an agent of Defendant—informed Devin Saucier—an agent of Plaintiffs—that the dates of May 17, 18, and 19, 2019 would be reserved for Plaintiffs' conference, but that she was waiting for a proposed written contract from her superiors—presumably Defendant. Said contract has yet to be produced to Plaintiffs, and thus the reservation of the venue is still in limbo.

At the case management conference on December 5, 2018, Defendant's attorneys represented to Plaintiffs' undersigned counsel that they were still working on specific contractual language of the rental agreement so that Plaintiffs can rent the facilities and that it would be forwarded to Plaintiffs' attorney soon, but—again—it has yet to be produced.

On December 24, 2018, the undersigned counsel sent to Defendant's attorney via electronic mail a respectful request that a rental contract be provided to Plaintiffs which comports with the Court's preliminary injunction, but—again—the same has not been produced.

The Court's Preliminary Injunction and Memorandum do not set forth a date by which Defendant must provide a proposed written contract to Plaintiffs concerning the rental of the facilities in question. (PageID.173-206). Thus, Plaintiffs cannot seek for Defendant to be held in contempt of court at this juncture because Defendant's non-compliance with the Court's Order is inherently anticipatory in nature. See *United States v. Johnson*, 736 F.2d 358 (6th Cir. 1984); *United States v. Bryan*, 399 U.S. 323 (1950); *In re McConnell*, 370 U.S. 230 (1962). Nevertheless, Defendant's malfeasance is causing Plaintiffs' desired conference to be adversely impacted insofar as Defendant has not yet agreed in writing to it occurring on specific dates and in a specific manner as far as the imposition of costs is concerned, and this is resulting in Plaintiffs not meaningfully advertising the planned conference to prospective attendees.

Plaintiffs would like a written contract to rent the facilities—which is precisely what Defendant provides to all similarly situated organizations which, likewise, wish to rent the facilities.

### V. LAW & ARGUMENT

A district court retains jurisdiction to enforce the terms of a previously entered injunction. *Gunn v. University Comm. to End War in Viet Nam*, 399 U.S. 383, 388 (1970) ("An injunctive order is an extraordinary writ, enforceable by the power of contempt"); *McCall-Bey v. Franzen*, 777 F.2d 1178, 1183 (7th Cir. 1985) ("When an equity case ends in a permanent injunction, the trial court, with or without an explicit reservation of jurisdiction, retains jurisdiction to enforce the injunction, as by contempt proceedings"); *Springs Mills, Inc. v. Ultracashmere House, Ltd.*,

3

724 F.2d 352, 356 (2d Cir. 1983) ("the district court, of course, has a continuing obligation of enforcing the injunctive order by the power of contempt, if necessary").

In the instant case, Plaintiffs urgently need a written rental agreement so as to rent the facilities of the Montgomery Bell Inn & Conference Center for May 17, 18, and 19, 2019. Without such a contract, the costs concerning the same are unknown to Plaintiffs, and Plaintiffs are reasonably worried that Defendant will try to derail Plaintiffs' conference from occurring by imposing unacceptable conditions concerning the same. Plaintiffs thus need a proposed written contract from Defendant so that Plaintiffs can definitively rent the facilities at the Montgomery Bell Inn & Conference Center for May 17, 18, and 19, 2019.

## VI. CONCLUSION

For the reasons set forth herein, this Court should order Defendant to provide to Plaintiffs on or before January 24, 2019, a proposed written contract which comports with the Court's Preliminary Injunction of November 5, 2018, so that Plaintiffs can rent the facilities of the Montgomery Bell Inn & Conference Center for May 17, 18, and 19, 2019, for Plaintiffs' planned conference.

Respectfully submitted,

/s/ Van R. Irion
Van R. Irion (#024519)
**LAW OFFICE OF VAN R. IRION**
800 S. Gay St., Ste. 700
Knoxville, TN 37929
(T): (865) 766-4040
(F): (865) 766-4101
(E): van@irionlaw.com
*Attorney for New Century Foundation and Samuel Jared Taylor*

Dated: January 16, 2019

# CERTIFICATE OF SERVICE

I, Van R. Irion, affirm that on January 16, 2019, a copy of this Proof of Service and the foregoing Plaintiffs' Time-Sensitive Motion for Order to Compel Defendant's Compliance with Court's Preliminary Injunction was filed with the Court's Electronic Filing System. Notice of said filing will be sent by operation of the Court's Electronic Filing System to all parties indicated on the electronic filing receipt as follows:

Dawn Jordan, Esq. – dawn.jordan@ag.tn.gov

Jay C. Ballard, Esq. – jay.ballard@ag.tn.gov

Sara Ohlman, Esq. – sara.ohlman@ag.tn.gov

/s/ Van R. Irion
Van R. Irion (#024519)
**LAW OFFICE OF VAN R. IRION**
800 S. Gay St., Ste. 700
Knoxville, TN 37929
(T): (865) 766-4040
(F): (865) 766-4101
(E): van@irionlaw.com
*Attorney for New Century Foundation and Samuel Jared Taylor*

Dated: January 16, 2019