UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | |
|---|---|
| **NEW CENTURY FOUNDATION,** | ) |
| | ) |
| and | ) |
| | ) |
| **SAMUEL JARED TAYLOR,** | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Case 3:18-cv-00839 |
| | ) |
| **MICHAEL ROBERTSON, in his** | ) |
| **Individual and official** | ) **Judge Aleta A. Trauger** |
| capacities as director of Tennessee | ) **Jury Trial Demanded** |
| Department of Environment and | ) |
| Conservation, | ) |
| | ) |
| Defendant. | ) |

**STIPULATED PROTECTIVE ORDER**

Plaintiffs Jared Taylor and New Century Foundation, by and through their undersigned counsel, stipulate and agree that emails that Defendant produces in discovery contain information is confidential pursuant to statute, i.e. information regarding State Park guests. Accordingly, the Parties and their undersigned counsel agree that the emails that Defendant produces in discovery that contain confidential information shall be kept confidential and protected at all times.

IT IS HEREBY ORDERED that:

1. Scope of Order. This Protective Order ("Order") shall govern the use and disclosure of all emails that Defendant Plaintiff produces in discovery.

2. Confidentiality Designation. All emails that Defendant produces in discovery and

1

which Defendant desires to designate as confidential shall be marked as confidential. If it is impracticable to mark something with such a legend (e.g., information contained on a computer hard drive), the designation may be made in writing accompanying the production of the electronic information.

3. Undertaking. Any documents or materials marked confidential shall be held in confidence by each person to whom it is disclosed according to the procedures set forth in this Order; shall be used only for purposes of preparation, trial, and appeal or confirmation of this Action; shall not be used for any business or commercial purpose; and shall not be disclosed to any person who is not authorized to receive such information as provided herein. All documents or materials so marked shall be carefully maintained in secure facilities.

4. Manner of Designation. The designation of documents or other materials shall be made by written notice in the documents or materials by affixing to it, in a manner that shall not interfere with its legibility, the words "CONFIDENTIAL" on all or any part of the document or thing.

5. Use and Access of Confidential Information. Except as set forth herein or in any subsequent order of the Court or by express written consent of counsel of record, no documents, things or information designated as "CONFIDENTIAL" shall be, directly or indirectly, delivered, exhibited or disclosed to persons other than:

(i) the Court, or any Court personnel, and any court reporter or videographer recording or transcribing testimony in a deposition or hearing in this Action; and

(ii) the parties to the extent they are needed to answer any questions about a

specific email, Counsel for the parties and Counsel's paralegals and clerical staff who are providing active assistance with this Action; and

(iii) any person identified from the four corners of the information, document or thing itself as having authored or previously received the information, document or thing; and

(iv) any expert or technical advisor retained or employed by any party for the purposes of this Action, provided that said experts or consultants have executed a certification in accordance with Paragraph 6 below; and

(v) other persons who may be specifically designated by consent of all attorneys of record or pursuant to an order of the Court, provided that said person has executed a certification in accordance with Paragraph 6 below.

6. Disclosure to Witnesses and Technical Advisers and Certification of Confidentiality. Before giving any witness, or technical adviser access to information, documents or things designated as "CONFIDENTIAL", the party's Counsel who seeks to disclose such information to such witness, or technical adviser shall require the witness or technical adviser to read and agree to be bound by this Order by signing a certification stating the following:

> I certify my understanding that documents, information, answers, and responses are provided to me pursuant to the terms and restrictions of the Stipulated Protective Order in *Jared Taylor and New Century Foundation v. Michael Robertson* ("Order"). I have been given a copy and have read that Order. I have had its meaning and effect explained to me by counsel who provided me with the information. I understand that such information and documents, and any copies, any notes or other memoranda regarding information in such documents, shall not be disclosed to others except in accordance with that Order, and shall be used only for purposes of this proceeding. I agree to comply with the Order.

7. The term "technical adviser" shall mean any person, including but not limited to a

proposed expert witness or consultant or consulting expert, with whom counsel may deem it necessary to consult concerning technical, financial, or other aspects of this case for the preparation or trial thereof.

8. Safeguarding Confidential Information. The recipient of any "CONFIDENTIAL" material provided pursuant to this Order shall maintain such information in a secure and safe area and shall exercise due and proper care with respect to its storage, custody and use, so long as it remains so designated.

9. Filing Protected Materials in Court. Unless agreed otherwise by the parties in writing, any party incorporating Protected Information into a document to be filed in a court shall seek leave to file such protected material under seal.

10. Final Disposition. Within ninety (90) days of the conclusion of this Action, including any appeals, all "CONFIDENTIAL" information furnished pursuant to the terms of this Order, any notes reflecting Protected Information and all copies thereof, which are not in the custody of the Court, shall be returned to the party furnishing that Information or be destroyed (and certified by affidavit as having been destroyed) by the party in possession thereof, provided that counsel for the parties may retain their notes and any work product materials and litigation files.

11. Challenging Use of Highly Confidential Documents. A party may oppose the prohibition on providing highly confidential documents to a party by notifying the opposing party in writing. The parties shall make a good faith attempt to resolve the dispute by agreement. If the parties are unable to resolve the dispute, then the party desiring to provide the document to a party may file a motion with the Court to have the ability to show the document to their party. Until a motion is filed and

4

resolved by the Court, all documents and materials with which a highly confidential designation is being challenged shall be treated in the manner that they have been designated by the producing party as prescribed in this Order. Any motion filed pursuant to this paragraph shall identify with specificity each and every document or piece of information for which a challenge is asserted and state the basis for such challenge.

12. Modification of Order. Nothing in this Order shall preclude any party from applying to the Court for an appropriate modification of this Order; provided, however, that before such an application, the parties involved shall make a good faith effort to resolve the matter by agreement. Furthermore, the parties can agree in writing, without approval from the Court, on the exclusion of particular information, documents, answers, or responses from the scope of this Order.

13. Inadvertent Production. The inadvertent production pursuant to discovery by any party of any document or communication that is protected by privilege, work product doctrine or statutory confidentiality will not operate as a waiver of the producing party's right to assert a defense to production of that document or communication, or any other document or communication, and any such material shall be returned promptly to the party producing it on timely written demand identifying the specific document(s). Any information, document or thing mistakenly produced or disclosed without a "CONFIDENTIAL" designation may be subsequently designated by the producing party as "CONFIDENTIAL" or at any time pursuant to the terms of this paragraph without waiving the confidential nature of the document or information. In each such case, the designating person shall provide to all other parties notice, either orally followed by written notice within five (5) business days or by written notice, of that subsequent designation and a copy of the document or thing marked

in accordance with this paragraph.

14. Continuing Jurisdiction. Unless superseded by later order, this Order shall remain in full force and effect after the termination of this Action and the parties agree that the Court may enforce the terms of this Order and/or redress any violations thereof.

15. Non-Parties. The existence of this Order may be disclosed to any non-party producing documents or information in this Action who may reasonably be expected to desire confidential treatment of such information. Such non-parties may avail themselves of the protections of this Order. By availing themselves of the protections of this Order, such non-parties consent to the jurisdiction of the Court for purposes of enforcing the terms of this Order only.

ORDERED, this the ____ day of _____, 2019.

_____
ALETA A. TRAUGER
UNITED STATES DISTRICT COURT JUDGE

STIPULATED TO BY:


s/ Dawn Jordan
**Dawn Jordan**, BPR No. 20383
Senior Deputy Attorney General
**Jay C. Ballard**, BPR No. 17242
Deputy Attorney General
**Sara Ohlman**, BPR No. 36313
Assistant Attorney General


S/Van R. Irion
Van R. Irion
Law Office of Van R. Irion
800 S. Gay St., Ste. 700
Knoxville, TN 37929