# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| **NEW CENTURY FOUNDATION,** and **SAMUEL JARED TAYLOR,** Plaintiffs, v. **MICHAEL ROBERTSON, in his individual and official capacities as director of Tennessee Department of Environment and Conservation,** Defendant. | Case No. 3:18-cv-00839  Hon. Aleta A. Trauger |

## PROTECTIVE ORDER REGARDING PLAINTIFFS' ASSOCIATES AND SOURCES OF INCOME

Pursuant to the Federal Rules of Civil Procedure, and upon the stipulation of the parties and agreement that good cause exists[1], the Court hereby orders that the following procedures shall be employed in this action for the protection of New Century Foundation and Samuel Jared Taylor (collectively "Plaintiffs"), from whom information may be obtained in connection with this action, against disclosure or any improper use of confidential information produced (whether voluntarily or pursuant to discovery demands) or filed with this Court:

---

[1] See *NAACP v. Alabama*, 357 U.S. 449 (1958) (holding that the membership lists of controversial organizations is privileged by right pursuant to the First and Fourteenth Amendments to the United States Constitution because disclosure of the same would have a chilling effect on the exercise of controversial speech).

1. The term "Confidential Material" means any document, information or other material that is produced in the course of this action by a party, a non-party possessing a party's confidential information, or a non-party governed by this Order that contains information that can be used to identify (1) any donor or prospective donor to American Renaissance/New Century Foundation and/or any attendee at an event hosted by American Renaissance/New Century Foundation and/or any person who expressed an interest in attending such an event and/or anyone who has ever written for or done any kind work for or provided any service to American Renaissance/New Century Foundation, and/or anyone who has ever expressed sympathy for the goals of American Renaissance/New Century Foundation or (2) anyone who has corresponded with Plaintiffs. Notwithstanding provisions (1) or (2), documents that can be used to identify (a) an employee of American Renaissance/New Century Foundation and/or (b) a publicly advertised speaker at an American Renaissance/New Century Foundation conference, and/or (c) an employee or representative of any level of government shall not be considered "Confidential Material." Information that can be used for identification includes such things as name, telephone number, email address, residence address, academic or professional affiliation or address, physical or personal description, or any other information that in isolation or in combination with any other document or information produced in the course of this action makes identification reasonably likely.

2. Confidential Material shall not be used by any of the parties to this action or by any other person or entity given access thereto, in accordance with this Order, except solely for the purpose of prosecuting or defending this action, including any appeals. Confidential Material and shall not be used for any business, commercial, other litigation, administrative proceeding, or other purpose whatsoever.

2

3. Except with the prior written consent of Plaintiffs or Plaintiffs' attorney, or pursuant to further Order of this Court entered after reasonable written notice and opportunity to Plaintiffs to file objections thereto, Confidential Material shall not be shown, described or otherwise revealed to any person or entity other than the following:

    a) The parties and their subsidiaries, parents, and other affiliates, as well as current or former employees, officers, agents and directors;

    b) Attorneys for the parties in this action;

    c) Paralegals, office clerks, secretaries and clerical or support personnel employed or retained by outside counsel for a party of record in this action;

    d) Consultants, testifying experts and their employees with the need to know who have been engaged by outside counsel for a party in this action for the purpose of assisting in this action, but only if: (i) it is necessary to disclose the Confidential Material to them for purposes of this action; (ii) they are not competitors of parties or affiliates of parties; (iii) they are not officers, directors, employees or agents of competitors of parties or affiliates of parties; and (iv) they have signed an agreement in a form substantially similar to Exhibit A attached hereto;

    e) Deposition court reporters and videographers;
    f) Deponents and trial witnesses;

    g) The Court, including judicial employees and all other necessary personnel, such as court reporters; and

    h) The author, addressee, or any other person identified on the face of the document as a recipient of the Confidential Material who would otherwise be entitled to receive same.

4. Nothing in this Order shall prohibit Plaintiffs from disclosing or using their own Confidential Material, and no such disclosure or usage shall affect the confidentiality of such Confidential Material. All Confidential Material shall be stored in a secure place.

5. All Confidential Material that is filed with the Court or any appellate court, and any pleadings, motions or other papers filed with the Court or any appellate court disclosing any Confidential Material, shall be filed under seal as provided under the applicable Local Rules or

provided only to the judge with the judge's copy of such filings. All such Confidential Material so filed shall be maintained by the Clerk of the Court separate from the public records in this action, and shall be released to persons or entities other than attorneys for the parties and Court personnel only upon written agreement of each designating party or upon further order of the Court entered after reasonable written notice and opportunity for Plaintiffs to file objections thereto.

6. Nothing in this Order shall prevent a party from using any Confidential Material during a hearing or at trial. If any party proposes to use Confidential Material, that party shall give reasonable notice, based on the circumstances, to Plaintiffs of such use to allow Plaintiffs an opportunity to petition the Court to institute appropriate procedures to maintain the confidentiality of the Confidential Material to be used at the hearing or trial.

7. Confidential Material shall not be disclosed or summarized, either in writing or orally, to anyone other than persons permitted to have access to such information under this Order.

8. Plaintiffs do not waive any applicable privilege and reserve their right to contest any discovery requests for documents or testimony and to assert such applicable privileges.

9. Within sixty (60) days of conclusion of this case (including without limitation any appeals), all Confidential Material shall be destroyed or returned to counsel for Plaintiffs. The destruction or return of Confidential Material under this paragraph shall include, without limitation, all copies, duplications, extracts, and summaries thereof.

10. If a party in possession of Confidential Material receives a subpoena or other request seeking production or other disclosure of the Confidential Material, that party shall give written notice within five (5) business days of service of said subpoena to counsel for Plaintiffs, stating the Confidential Material sought and the time production or other disclosure is required. In no event should production or disclosure be made without either (i) written approval by counsel

for Plaintiffs, (ii) further order by any court, or (iii) Plaintiffs not filing and serving a motion to quash the subpoena at least two (2) business days before production of the documents is required to occur per the terms of the subpoena. The party receiving such subpoena or request shall provide reasonable cooperation to the designating party objecting to the subpoena or request.

11. All parties and their attorneys, and all other persons and entities possessing or granted access to Confidential Material under this Order shall be bound by this Order. The Court may impose sanctions on any person or entity possessing or granted access to Confidential Material under this Order who discloses or uses the Confidential Material for any purpose other than as authorized by this Order or who otherwise violates the terms of this Order.

ORDERD, this _____ day of March, 2019.

Hon. Aleta A. Trauger
United States District Court Judge

Stipulated to by:

s/ Dawn Jordan
**Dawn Jordan**, BPR No. 20383
Senior Deputy Attorney General
**Jay C. Ballard**, BPR No. 17242
Deputy Attorney General
**Sara Ohlman**, BPR No. 36313
Assistant Attorney General
*Attorney for Defendant*

s/ Van R. Irion
Van R. Irion
Law Office of Van R. Irion
800 S. Gay St., Ste. 700
Knoxville, TN 37929
*Attorney for Plaintiffs*

5

Case 3:18-cv-00839 Document 57 Filed 03/14/19 Page 5 of 5 PageID #: 483